## THE CALVIN P. HARRIS.

### HIGGINS *et al. v.* LYNN GAS-LIGHT Co.

*(District Court, D. Massachusetts.* December 15, 1887.)

WHARVES—DUTY OF DOCK OWNERS LIABILITY FOR NEGLIGENCE.
    The owner of a dock is bound to use reasonable care to keep the dock in such a condition as to be reasonably safe for vessels which enter it upon his invitation, express or implied; and he is liable for injuries to vessels caused by any defect therein, which by the exercise of ordinary care would have been known to him, or which he negligently permitted to exist; following *The John A. Berkman,* 6 Fed. Rep. 535.

This was an action brought by Aaron S. Higgins *et al.*, owners of the schooner Calvin P. Harris, for injuries sustained by the schooner while entering a dock belonging to the Lynn Gas-Light Company.

*E. S. Dodge,* for libelants.

*J. B. Richardson* and *W. H. Niles,* for respondents.

NELSON, J. The Lynn Gas-Light Company is the owner of a private wharf and dock in the harbor of Lynn; the upper or shore end of the wharf being used by the company as a coal wharf. The approach to the coal wharf for vessels is by a dredged channel extending across the flats, and by the dock above mentioned dredged out along the easterly side of the wharf. The schooner Calvin P. Harris, from Philadelphia, arrived at the outer end of the wharf on the morning of seventh of September, 1885, having on board a cargo of 645 tons of coal owned by the company, which, by direction of the company's agent, was to be unloaded on the coal wharf. The schooner's draft of water was 13 feet and 9 inches. At 11 o'clock A. M., or at high water, she hauled into the dock to get to her discharging berth at the coal wharf; but before reaching it

she grounded on a hard bar or shoal in the dock, and sustained injury for which the owners in this suit claim to recover damages against the gas company. The rule of law applicable to this case is that adopted by this court in *The John A. Berkman*, 6 Fed. Rep. 535. The rule there stated is this: The owner or occupant of a dock is liable in damages to a person who, by his invitation, express or implied, makes use of it, for an injury caused by any defect or unsafe condition of the dock which the occupant negligently causes or permits to exist, if such person was himself in the exercise of due care. Such an occupant is not an insurer of the safety of his dock, but he is required to use reasonable care to keep his dock in such a state as to be reasonably safe for use by vessels which he invites to enter it, or for which he holds it out as fit and ready. If he fails to use such due care,—if there is a defect which is known to him, or which by the use of ordinary care or diligence should be known to him,—he is guilty of negligence, and liable to the person who, using due care, is injured thereby. Tested by this rule, there can be no question as to the liability of the company for this accident upon the state of facts proved at the hearing. It appeared that the bar was caused by the backwater of a mill-pond, which at low stages of the tide flowed across the flats and entered the dock at this point, carrying with it the wash of the flats. The water had been running into the dock from the mill-pond for many years, and this was known to the officers of the company. Twice before the bar had formed from the same cause, and each time had been removed by the company. Only the year before, the company had paid damage to another vessel which had grounded on the bar and received injury. That it had recently increased in dimensions is shown by the circumstance that only one month before, on a tide of the same height, and drawing no less water, the Harris had passed through the dock to the same berth without touching. It also appeared that the bar was dredged out by the company after the occurrence of this accident. It thus appears that the officers of the company had notice of the existence of the bar, and of its dangerous character; that causes were constantly at work to increase it; that its removal was practicable; and that there was no lack of time or opportunity to remove it. It was therefore culpable negligence in the officers of the company to permit the dock to be used by vessels of the draught of the Harris, and in the agent of the company to direct the Harris to enter it.

There is no evidence in the case showing want of due care on the part of the owners of the vessel or of the master and pilot in charge. She was hauled in on a tide of ordinary height, and in the usual manner. That a bar existed was known to them, but they did not know it had increased so as to be dangerous. The Harris had brought coal to this wharf for several years, and never before had trouble in getting in. On the previous trip in August she had come in without difficulty. They had no reason to suppose there would be any at this time. The company's agent gave them no notice of the danger. They had the right, in the absence of positive knowledge to the contrary, to rely upon the direction of the company's agent to discharge at the coal wharf, as an assurance

that the bar had not increased, and that the dock was safe and free from obstructions so far as it was the duty of the company to make it so.

I am of opinion that the gas company is responsible for the damage to the Harris. Interlocutory decree for the libelants.